849 F.2d 610
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James R. GILBERT, Defendant-Appellant.
 No. 87-1989.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1988.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant James R. Gilbert appeals from his conviction of one count of making false statements in violation of 18 U.S.C. section 1001. Gilbert, a Michigan attorney, served as the developer for the Jamestown Housing Project, a rural, multifamily, low income apartment project built pursuant to the 515 Rural Rental Housing Project ("515 RRH") sponsored by the Farmers Home Administration ("FmHA").
 
 
 2
 Developers wishing to participate in the project must participate in a complicated application process. Because the maximum loan authorized under the program is ninety-five percent of construction cost, the developer is also required to put up five percent of the cost of the project. In addition, the developer is required to place two percent of the cost of construction into a general operating account.
 
 
 3
 Defendant encountered difficulty in raising the necessary capital to participate in the 515 RRH project. Accordingly, he arranged with the general contractor for the Jamestown Apartments, Kenneth Granger, to receive a $49,000.00 kickback to fund Gilbert's contribution. Granger testified that this kickback was financed by a kickback from a carpentry subcontractor. The end result of this transaction was that the FmHA funded 100 percent of the construction cost of the Jamestown Apartments.
 
 
 4
 As a result of this transaction, Gilbert was indicted on three counts of making false statements in violation of 18 U.S.C. section 1001 and one count of mail fraud. He was convicted after a bench trial on Count I of the indictment, which charged him with falsifying FmHA Form 1924-13 by certifying that the actual cost incurred in construction had been reduced by the amount of any kickback when the actual cost figures had not been reduced to reflect the kickback received by Gilbert. In this appeal, Gilbert presents two arguments for the court's consideration. First, he contends that the district court improperly amended his indictment. Second, he alleges that there was insufficient evidence to support the district court's conclusion that venue was proper in the Eastern District of Michigan.
 
 
 5
 Upon consideration of the entire record, the briefs filed herein, and after oral argument, we AFFIRM the judgment of the district court for the reasons stated in its Findings of Fact Upon Trial Without a Jury of August 14, 1987.